Anthony M. Rainone, Esq.
Michael A. Spizzuco, Jr., Esq.
**BRACH EICHLER LLC**
Phone: (973) 228-5700
Fax:  (973) 618-5944
*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL LIBERTI AND SUZANNE LIBERTI, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED,<br><br>*Plaintiffs,*<br><br>v.<br><br>PORCH.COM, INC. AND JOHN DOES 1-10,<br><br>*Defendants.* | **CIVIL ACTION NO.:**<br><br>**NOTICE OF REMOVAL** |

### TO THE CHIEF JUDGE AND JUDGES OF
### THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441, 1367, and 1446, Defendant Porch.com, Inc. ("Defendant") hereby removes this action, which has been pending in the Superior Court of New Jersey, County of Burlington, as Docket No.: BUR-L-865-22 (the "Complaint"), to the United States District Court for the District of New Jersey, together with all process, pleadings and orders, as required by 28 U.S.C. § 1446(d), a copy of which is annexed hereto as **Exhibit 1** and made a part hereof. Defendant files this Notice of Removal under full reservation and preservation of all claims and defenses.

In support of this Notice of Removal, Defendants states as follows:

1.  By way of relevant background, Plaintiffs Paul Liberti and Suzanne Liberti (collectively, "Plaintiffs") filed individual claims (the "Individual Claims") and putative class

action claims (the "Class Action Claims") in the aforementioned Complaint on May 12, 2022. *See* **Exhibit 1** attached hereto.

2. Defendant learned of the filing of the Complaint on May 17, 2022, pursuant to an Affidavit of Service provided by Plaintiff. *See* **Exhibit 2** attached hereto.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(a) in that it is being filed within thirty (30) days of the first date on which Defendant received notice, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

4. This Court possess original jurisdiction over the Complaint in this action pursuant to 29 U.S.C § 1446(c), as there exists complete diversity of citizenship between Plaintiffs and the Defendant.

**A.   Citizenship**

5. Plaintiffs allege they are citizens of the State of New Jersey. *See* ¶ 3, Complaint.

6. Therefore, for purposes of this removal application, Plaintiffs are deemed to be citizens of the State of New Jersey.

7. Corporations are deemed to be citizens of both the states where they have their principal places of business and the states in which they are incorporated. *See* 28 U.S.C. § 1332(c)(1); *see also* Americold Realty Tr. V. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016) (holding that a corporation is "considered a citizen of its State of Incorporation" and "a citizen of the State where it has its principal place of business.").

8. In order to determine where a corporation's principal place of business is located, a court must look to the place the corporation's high level officers direct, control and coordinate the corporation's activities. *See* Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010).

BE:12625444.1/BEO001-107020

9. Defendant is a corporation organized and existing under the laws of the State of Delaware.

10. Defendant's directors direct, control and coordinate Defendant's activities from the State of Washington, rendering the State of Washington as Defendant's principal place of business.

11. Therefore, for purposes of this application, Defendant is a citizen of the State of Delaware and the State of Washington.

12. Therefore, the diversity of citizenship requirement is satisfied pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of New Jersey State and Defendant is a citizen of Delaware State and Washington State.

**B.  Damages**

13. The Complaint seeks actual damages, statutory damages, and attorney's fees. *See* Complaint, generally.

14. All three items of damage must be considered by this Court to determine the amount in controversy. *See* Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943); *see also* Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).

15. Despite the fact that Plaintiffs do not explicitly allege claims under the Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (the "CFA") against the named Defendant, they allege specific violations of the CFA, the New Jersey Truth-In-Consumer-Contract, Warranty and Notice Act, N.J.S.A. 56:12-14;18 ("TCCWNA"), the New Jersey Contractor's Registration Act, N.J.S.A. 56:8-136, *et seq.* (the "CRA"), the Home Improvement Contractor Registration Regulations, N.J.A.C. 13:45A-17.1, *et seq.* (the "HICRR"), and the Home Improvement Practices Regulations, N.J.A.C. 13:45A-16.1, *et seq.* (the "HIPR") against the contractor allegedly referred by Defendant.

BE:12625444.1/BEO001-107020

16. Clearly, by a review of the allegations of the Complaint, the Plaintiffs are attempting to utilize these consumer protection statutes, which carry a penalty of treble damages and attorney's fees (N.J.S.A. 56:8-19) to impute liability under a "negligence" theory against Defendant.

17. The plain language of the Complaint suggests that Plaintiffs are seeking damages under the aforementioned consumer protection statutes, specifically because the Complaint refers to the Plaintiffs as seeking "the remedies provided for under…any state and/or federal statutes plead herein…" *See* Complaint, page 39.

18. Even if the Plaintiffs are proven not to be seeking damages under the punitive consume protection statutes, Plaintiffs have alleged damages of, at a minimum, $19,801.64. *See* ¶¶ 33; 38; 47, Complaint, along with attorney's fees.

19. Statutory damages, attorney's fees and actual damages alleged by either Plaintiff will likely result in either Plaintiff seeking over $75,000.00. *See* Raspa v. Home Depot, 533 F. Supp. 2d 514, 522 (D.N.J. 2007).

20. It does not appear, to a legal certainty, that either Plaintiff cannot recover over $75,000.00 and, therefore, removal is appropriate. Id.

21. Thus, the matter in controversy is at least $75,000.00, exclusive of interests and costs, and is between citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

22. Therefore, this Court possesses jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) and removal of this action is proper pursuant to 28 U.S.C. § 1441.

   C. **The Class Claims**

23. The Complaint also alleges claims on behalf of a putative class. *See* ¶¶ 48-103, Complaint.

BE:12625444.1/BEO001-107020

24. 28 U.S.C. § 1367 confers supplemental jurisdiction over putative class members' claims if at least one names plaintiff satisfies the diversity threshold. *See* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).

25. As Defendant has established that Plaintiffs' claims meet the diversity jurisdiction threshold, this Court possesses supplemental jurisdiction over the Class Action Claims.

**D.   Venue**

26. Venue is proper in this Court pursuant to 29 U.S.C. § 1441(a) because the Complaint is pending in the Superior Court of New Jersey, Burlington County.

**E.   Miscellaneous**

27. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of New Jersey, Burlington County, promptly after the filing of this Notice of Removal.

28. Simultaneously with the filing of this Notice of Removal, Defendant is applying to the Clerk of the United States District Court, District of New Jersey for an extension of time to respond to the Complaint for an additional fourteen (14) days pursuant to Local Civil Rule 6.1(b), which would extend the date on which Defendant must file a responsive pleading from June 21, 2022 (seven (7) days from the filing of the Notice of Removal pursuant to Rule 81(c)) to July 5, 2022.

29.     Defendant reserves the right to assert all claims and defenses.

Dated:  June 14, 2022                                    */s/ Michael A. Spizzuco, Jr.*
                                                          Michael A. Spizzuco, Jr., Esq.
                                                          **BRACH EICHLER LLC**
                                                          101 Eisenhower Parkway
                                                          Roseland, New Jersey 07068
                                                          Phone: (973) 228-5700
                                                          Fax:  (973) 618-5944
                                                          mspizzuco@bracheichler.com
                                                          *Attorneys For Defendants*

BE:12625444.1/BEO001-107020